IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MCBRIDE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN SUBSTANCE ABUSE )<br>PROFESSIONALS, INC., et al., )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 2:10-cv-05737<br><br>HON. EDUARDO C. ROBRENO |

**JOINT STATUS REPORT PURSUANT TO RULE 26(F)**

Caption: <u>Thomas McBride v. American Substance Abuse Professionals, Inc., et al</u>
Civil Action: <u>2:10-cv-05737</u>

Basis of Jurisdiction: <u>Diversity jurisdiction</u>

Jury Trial: <u>X</u>   Non-Jury Trial: _____   Arbitration: _____

Plaintiff's counsel participating in the Rule 16 Conference: <u>Graham Baird, Esq.</u>
Defendant's counsel participating in the Rule 16 Conference: <u>Nancy N. Delogu, Esq. for

National Diagnostics, Inc. and Kevin R. McNulty, Esq. for Defendant American

Substance Abuse Professionals, Inc.</u>

Do counsel have full authority to settle at Rule 16 Conference? <u>Yes, within the limit set

by Plaintiff's initial settlement demand.</u>

      If not, client with such authority who will attend conference: _____

When did the parties hold the Rule 26 Conference? <u>July 25, 2011</u>
When did the parties comply with Rule 26(a)'s duty of self-executing disclosure?
<u>Plaintiff – August 9, 2011  Defendant National Diagnostics, Inc. – August 24, 2011</u>

Does either side expect to file a case-dispositive motion? <u>Yes.</u>
      If yes, under what Rule: <u>Presently pending is Defendant NDI's Motion to

Dismiss pursuant to Rule 12(b)(6) or in the alternative, Motion for Summary

Judgment pursuant to Rule 56.  Defendant ASAP also anticipates filing a Motion

for Summary Judgment at an appropriate time.</u>

If yes, specify the issue:  <u>NDI's Motion:  Insufficiently pleaded duty of care and that the facts alleged in the Complaint cannot, as a matter of law, established that NDI breached any duty of care.  ASAP's anticipated Motion:  ASAP's role as facilitator of Plaintiff's employer's drug-testing program did not include any role in the actual testing process which forms the gravamen of the Amended Complaint.</u>

Proposed deadline for filing dispositive motions:<u>  30 days after close of discovery.</u>

Does either side anticipate the use of experts?  <u>Yes.</u>
If yes, what is the proposed deadline for expert discovery? <u> 180 days</u>

Approximate date case should be trial-ready: <u>March 2012</u>
Time for Plaintiff's case: <u>3-4 days</u> Time for Defendant's NDI's case: <u>3 days</u>
Time for Defendant ASAP's case: <u>½ day</u>

Is a settlement conference likely to be helpful? <u>     Yes    </u>  If so, when:
Early <u> No </u> (yes/no) After Discovery <u>      Yes     </u>(yes/no)

What is the outcome of your discussions with your clients about proceeding before a Magistrate Judge for final disposition?  <u>Parties request to hold this decision in abeyance pending development of role of experts.</u>

<u>Plan for Discovery:</u>

1. The parties anticipate that discovery should be completed within <u>   180    </u> days.
2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to? <u>         120 days       </u>
3. Have the parties discussed issues relating to claims of privilege or of protection as trial- preparation material, as required by Rule 26(f)(3)(D)?  <u>Yes.</u>
4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan. <u>Potential need for a Protective Order designed to protect NDI's confidential/proprietary business practices.</u>

5. If you contend that the discovery period should exceed ninety days, please state reasons:  <u> This case will turn on scientific evidence to be established by expert testimony.  The selection and retention of experts as well as expert discovery will add to the time demands of discovery in this matter.</u>

Respectfully submitted,


Matthew B. Weisberg, Esq.
Graham Baird, Esq.
Weisberg Law, P.C.
7 S. Morton Ave.
Morton, PA 19070
mweisberg@ppwlaw.com
Attorneys for Plaintiff, Thomas McBride

Kevin R. McNulty, Esq.
Geralamo, McNulty, Divis & Lewbart
121 S. Broad St., Ste. 1400
Philadelphia, PA 19107
kmucnulty@gmdlfirm.com
Attorney for Defendant, American Substance Abuse Professionals, Inc.

Robert C. Drake (PA #57177)
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
(t) 267.402.3000
rcdrake@littler.com

Nancy N. Delogu (admitted *pro hac vice*)
Littler Mendelson, P.C.
1150 17th Street, N.W.
Washington, DC 20036
202.842.3400
nndelogu@littler.com

August 23, 2011